IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN MONTANEZ, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-6098 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES:

Juan Montanez, Plaintiff Pro Se
114 Ablett Village
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

Plaintiff Juan Montanez seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint with prejudice for failure to state a claim and because it is time-barred. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.   BACKGROUND

Plaintiff alleges that he was detained in the CCJ on September 20, 2013. Complaint § III. He further alleges that he was forced to sleep on the floor of his cell. *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiff seeks relief from CCJ for allegedly unconstitutional conditions of confinement. Primarily, the complaint must be dismissed as the CCJ is not a "state actor" within the meaning of § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*,

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983
action is determined by federal law, however. *Wallace v. Kato*,
549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*,
773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez*, 773 F.3d at 480 (internal quotation
marks omitted). Plaintiff states he was detained at CCJ on
September 20, 2013. The allegedly unconstitutional conditions of
confinement at CCJ would have been immediately apparent to
Plaintiff at the time of his detention; therefore, the statute
of limitations for Plaintiff's claims expired on September 20,
2015. Plaintiff filed this case too late and it will be
dismissed. As there are no grounds for equitable tolling of the
statute of limitations,[2] the complaint will be dismissed with
prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d
Cir. 2013) (per curiam) (affirming dismissal with prejudice due
to expiration of statute of limitations).

**V.   CONCLUSION**

---

[2] Equitable tolling "is only appropriate '(1) where the defendant
has actively misled the plaintiff respecting the plaintiff's
cause of action; (2) where the plaintiff in some extraordinary
way has been prevented from asserting his or her rights; or (3)
where the plaintiff has timely asserted his or her rights
mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x
162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United
States*, 559 F.3d 189, 197 (3d Cir. 2009)).

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**October 24, 2016**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge